# Challenge to Constitutionality of a State Statute

This form must be completed by a party filing a petition, motion or other pleading **challenging the constitutionality of a state statute**. The completed form must be filed with the court in which the cause is pending as required by Section 402.010 (a-1), Texas Government Code.

**Cause Number** (*If Known*):        **Court** (*If Known*):

Styled:

(e.g., John Smith v. All American Insurance Co.; in re Mary Ann Jones; In the Matter of the Estate of George Jackson)

---

**Contact information for party* challenging the constitutionality of a state statute.** (**If party is not a person, provide contact information for party, party's representative or attorney.*)

| | |
|---|---|
| Name: | Telephone: |
| Address: | Fax: |
| City/State/Zip: | State Bar No. (if applicable): |
| Email: | |

Person completing this form is:   ☐ Attorney for Party   ☐ Unrepresented Party   ☐ Other:

**Identify the type of pleading you have filed challenging the constitutionality of a state statute.**

☐ Petition    ☐ Answer    ☐ Motion (Specify type):
☐ Other:

**Is the Attorney General of the State of Texas a party to or counsel in this cause?**

☐ Yes    ☐ No

**List the state statute(s) being challenged in your pleading and provide a summary of the basis for your challenge.** (Additional pages may be attached if necessary.)

9/5/13

**Chapter 302 of the Texas Business & Commerce Code, as amended by Texas Senate Bill 140, effective September 1, 2025**

As amended by SB 140, Chapter 302 is unconstitutional as applied to Plaintiffs because it impermissibly burdens Plaintiffs' commercial speech.  SB 140 amended Chapter 302 so that it includes persons sending text messages as persons subject to its registration and disclosure requirements for telephone solicitation.  Plaintiffs and the members of Ecommerce Innovation Alliance send commercial text messages but do so only to consumers who have previously provided their consent to receive texts.  Accordingly, as amended, Chapter 302 potentially imposes burdensome registration and disclosure requirements on Plaintiffs, impermissibly burdening their First Amendment right to engage in commercial speech. Plaintiffs' specific challenges are as follows:

I.      Chapter 302, as amended, is an unconstitutional restriction on commercial speech pursuant to the analysis set forth in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*.  Under Central Hudson, a restriction on commercial speech is constitutional only if it is designed to achieve a substantial government interest; the restrict directly or materially advances that interest; and the restriction is narrowly drawn. Chapter 302's burdensome and costly registration requirements as applied to Plaintiffs do not satisfy this test.

II.     Chapter 302, as amended, is unconstitutionally vague because it purports to apply only to a "purchaser located in the state."  Because businesses have no reliable method of determining whether a purchaser will be located in Texas at the time a text message is delivered, businesses are not on notice of whether their conduct is covered by Chapter 302 and therefore subject to its registration and disclosure requirements.

III.    Chapter 302, as amended, is unconstitutionally vague as applied to Plaintiffs because while it purports to exempt certain persons from its scope, the exemptions are vague and undefined and therefore fail to provide notice to Plaintiffs regarding the scope of the law.  First, Section 302.058 exempts persons soliciting business "from a former or current customer," but does not define "customer" or otherwise make clear whether a person must have completed a purchase to be considered a customer.  Next, Section 302.059 exempts persons who have "operated a retail establishment" under the same name for at least two years but does not define "retail establishment" or clarify whether "retail establishment" includes an online store.  Third, Section 302.060 exempts persons who provide contract telephone solicitation services for whom at least 75 percent of contracts are for persons exempt from Chapter 302. Because of the vagueness of the Chapter's exemptions, businesses like Plaintiff Postscript cannot know whether it falls within the scope of Chapter 302's registration and disclosure requirements.