# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ECOMMERCE MARKETERS ALLIANCE, INC. DBA ECOMMERCE INNOVATION ALLIANCE; FLUX FOOTWEAR, LLC; and STODGE, INC. DBA POSTSCRIPT, | § § § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 1:25-cv-01401-RP |
| vs. | § § | |
| STATE OF TEXAS; KEN PAXTON, in his official capacity as Attorney General of Texas; and JANE NELSON, in her official capacity as Texas Secretary of State, | § § § § § § | |
| *Defendants.* | § | |

## DECLARATION OF DAVID CARTER

I, David Carter, declare as follows:

1.      My name is David Carter. I am over 21 years of age. I am competent to make this Declaration. I have personal knowledge of all statements of fact set forth below, and all such statements are true and correct.

2.      I am the President and CEO of Ecommerce Marketers Alliance, Inc. dba Ecommerce Innovation Alliance ("EIA").

3.      EIA is a nonprofit corporation organized under the laws of the State of Florida. Its principal place of business is in Richmond, Virginia.

4.      EIA was formed in 2023 as a trade association to advance the interests of its members. EIA members are generally ecommerce businesses based in the United States or technology vendors that directly support them. EIA members operate consent-based text

messaging programs. That is, EIA members send text messages only to customers who have visited their online stores, provided their phone number to the business, and provided explicit consent to receive marketing messages by text, generally because they want to receive discounts or other incentives (*e.g.*, 20% off their first purchase) when they enroll in SMS marketing campaigns.

5.    As reflected in EIA's Articles of Incorporation:

[EIA] is organized and shall be operated exclusively for purposes of promoting the common interests of the ecommerce industry, within the meaning of Section 501(c)(6) of the Internal Revenue Code, or the corresponding section of any future federal tax code (the "Code"), including, but not limited to: (1) advocacy for laws, regulations, and standards that reconcile public interests with technological advances in ecommerce marketing; and (2) formation of and advocacy for, ecommerce marketing industry best practices for compliant and customer conscious mobile marketing.

6.    EIA's biggest area of focus is helping ecommerce companies navigate the ever-evolving landscape of telemarketing laws and regulations at both the federal and state levels.

7.    Since its founding, EIA has been actively engaged in the legislative process to address unintended consequences from state and federal laws that impact ecommerce businesses. Among other things, EIA seeks to address the surge in costly lawsuits against ecommerce businesses acting in good faith and with consumer consent that are routinely brought by serial plaintiffs and opportunistic law firms to exploit technicalities or ambiguities in consumer-protection statutes.

8.    EIA has over 16,750 members. Most of EIA's members are clients of Stodge, Inc. dba Postscript ("Postscript"). Postscript is a leading test message platform that helps ecommerce businesses send text messages to consumers who have visited ecommerce websites and consented to receive those messages.

9.    EIA filed this lawsuit seeking injunctive and declaratory relief against the enforcement of Chapter 302 of the Texas Business and Commerce Code, as amended by Senate Bill 140 effective September 1, 2025. EIA has standing to do so because (a) all of its members are affected by SB 140, and any one of them would have standing to assert in its own right the claims asserted by EIA; (2) the interests that EIA seeks to protect by this suit are germane— indeed central—to its purposes; and (c) EIA seeks only prospective relief of an injunctive and declaratory nature that can be adjudicated without the participation of any of EIA's members.

10.    EIA did not learn about the committee substitute to the 2025 amendments to Chapter 302 until after all public hearings on SB 140 were complete and, therefore, was not aware that the committee substitute would materially change the bill so as to regulate both unsolicited messages and those sent with prior express consent.

11.    I have since reviewed the publicly available information (Texas Legislature Online) regarding the legislative history of SB 140 and attached hereto the following documents from that legislative history that bear on the issues in this case:

- Ex. 1: History
- Ex. 2: Introduced version
- Ex. 3: Bill Analysis, February 13, 2025
- Ex. 4: Senate Committee Report
- Ex. 5: Engrossed Version
- Ex. 6: Substitute Version
- Ex. 7: Bill Analysis (Substitute Version)
- Ex. 8: Summary of Committee Action
- Ex. 9: Enrolled Version
- Ex. 10: Bill Analysis (Enrolled Version)
- Ex. 11: House Research Organization, Public Comments
- Ex. 12: House Research Organization, Bill Analysis

3

- Ex. 13: Enrolled Bill Summary
- Ex. 14: Actions
- Ex. 15; Companions
- Ex. 16: Bill Stages

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 5, 2025

*G. David Carter*

G. David Carter

4

# EXHIBIT 1

# Texas Legislature Online
# History

| | |
|---|---|
| **Bill:** SB 140 | **Legislative Session:** 89(R)      **Council Document:** 89R 1446 SRA-D |

**Last Action:**     *06/20/2025 E Effective on 9/1/25*

**Caption Version:**    Enrolled

**Caption Text:**     Relating to certain definitions relating to the regulation of and private rights of action arising from certain solicitation-related communications.

**Author:**     Hall

**Coauthor:**     Kolkhorst | West

**Sponsor:**     Anchía | Spiller | Button

**Subjects:**     Business & Commerce--General (I0050)
Business & Commerce--Trade Practices (I0006)
Utilities--Telecommunications (I0828)
TELEPHONES & TELEPHONE DIRECTORIES (S5657)

**Companion:**     HB 4719 by Anchía, Identical

**Senate Committee:** Business & Commerce
**Status:**     Out of committee
**Vote:**     Ayes=11   Nays=0   Present Not Voting=0   Absent=0

**House Committee:** Trade, Workforce & Economic Development
**Status:**     Out of committee
**Vote:**     Ayes=9   Nays=0   Present Not Voting=0   Absent=2

**Actions:** (descending date order)
Viewing Votes: Most Recent House Vote | Most Recent Senate Vote

| | Description | Comment | Date ▼ | Time | Journal Page |
|---|---|---|---|---|---|
| E | Effective on 9/1/25 | | 06/20/2025 | | |
| E | Signed by the Governor | | 06/20/2025 | | 3862 |
| E | Sent to the Governor | | 06/01/2025 | | 3828 |
| H | Signed in the House | | 06/01/2025 | | 7575 |
| S | Signed in the Senate | | 05/31/2025 | | 3707 |
| H | Senate concurs in House amendment(s)-reported | | 05/31/2025 | | 7407 |
| S | Reported enrolled | | 05/30/2025 | | 3670 |
| S | Record vote | | 05/30/2025 | | 3344 |
| S | Senate concurs in House amendment(s) | | 05/30/2025 | | 3344 |
| S | Read | | 05/30/2025 | | 3344 |
| S | House amendment(s) laid before the Senate | | 05/30/2025 | | 3343 |
| H | House passage as amended reported | | 05/27/2025 | | 2840 |
| H | Statement(s) of vote recorded in Journal | | 05/27/2025 | | 6126 |
| H | Record vote | RV#3651 | 05/27/2025 | | 6125 |
| H | Passed | | 05/27/2025 | | 6125 |
| H | Read 3rd time | | 05/27/2025 | | 6125 |
| H | Additional sponsor(s) authorized | | 05/27/2025 | | 6125 |

| | | | | |
|---|---|---|---|---|
| H | Rules suspended | 05/27/2025 | | 6125 |
| H | Passed to 3rd reading | 05/26/2025 | | 6034 |
| H | Read 2nd time | 05/26/2025 | | 6034 |
| H | Placed on General State Calendar | 05/24/2025 | | |
| H | Considered in Calendars | 05/22/2025 | | |
| H | Committee report sent to Calendars | 05/20/2025 | | |
| H | Committee report distributed | 05/19/2025 | 03:33 PM | |
| H | Comte report filed with Committee Coordinator | 05/19/2025 | | 5207 |
| H | Reported favorably as substituted | 05/14/2025 | | |
| H | Committee substitute considered in committee | 05/14/2025 | | |
| H | Considered in public hearing | 05/14/2025 | | |
| H | Left pending in committee | 05/07/2025 | | |
| H | Testimony taken/registration(s) recorded in committee | 05/07/2025 | | |
| H | Considered in public hearing | 05/07/2025 | | |
| H | Scheduled for public hearing on . . . | 05/07/2025 | | |
| H | Referred to Trade, Workforce & Economic Development | 04/09/2025 | 11:27 AM | 1088 |
| H | Read first time | 04/09/2025 | | 1088 |
| H | Received from the Senate | 03/11/2025 | | 504 |
| S | Reported engrossed | 03/11/2025 | | 482 |
| S | Record vote | 03/11/2025 | | 467 |
| S | Passed | 03/11/2025 | | 467 |
| S | Read 3rd time | 03/11/2025 | | 467 |
| S | Record vote | 03/11/2025 | | 467 |
| S | Three day rule suspended | 03/11/2025 | | 467 |
| S | Vote recorded in Journal | 03/11/2025 | | 467 |
| S | Read 2nd time & passed to engrossment | 03/11/2025 | | 467 |
| S | Rules suspended-Regular order of business | 03/11/2025 | | 467 |
| S | Rules suspended-Constitutional 60-Day | 03/11/2025 | | 467 |
| S | Co-author authorized | 03/11/2025 | | 479 |
| S | Placed on intent calendar | 03/06/2025 | | |
| S | Committee report printed and distributed | 03/04/2025 | 11:11 AM | |
| S | Recommended for local & uncontested calendar | 03/04/2025 | | |
| S | Reported favorably w/o amendments | 03/04/2025 | | 400 |
| S | Vote taken in committee | 02/27/2025 | | |
| S | Considered in public hearing | 02/27/2025 | | |
| S | Co-author authorized | 02/20/2025 | | 295 |
| S | Left pending in committee | 02/18/2025 | | |
| S | Considered in public hearing | 02/18/2025 | | |
| S | Scheduled for public hearing on . . . | 02/18/2025 | | |
| S | Referred to Business & Commerce | 02/03/2025 | | 85 |
| S | Read first time | 02/03/2025 | | 85 |
| S | Filed | 11/12/2024 | | |
| S | Received by the Secretary of the Senate | 11/12/2024 | | |

# EXHIBIT 2

By:  Hall                                              S.B. No. 140

A BILL TO BE ENTITLED

1                               AN ACT

2  relating  to  the  definition  of  telephone  call  for  purposes  of

3  regulating telephone solicitations.

4        BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

5        SECTION 1.  Section 302.001, Business & Commerce Code, is

6  amended by adding Subdivision (6-a) to read as follows:

7             (6-a)  "Telephone  call"  has  the  meaning  assigned  by

8  Section 304.002.

9        SECTION 2.  This Act takes effect September 1, 2025.

# EXHIBIT 3

BILL ANALYSIS

Senate Research Center

89R1446 SRA-D

S.B. 140
By: Hall
Business & Commerce
2/13/2025
As Filed

**AUTHOR'S / SPONSOR'S STATEMENT OF INTENT**

The Problem:

In 2001, the 77th Legislature passed H.B. 472 to create the Texas Telemarketing Disclosure and Privacy Act and required it to be "liberally construed and applied to protect the public against false, misleading, or deceptive practices." With H.B. 2278, the 80th Legislature updated the definition of a "telephone call" to include a call to a mobile phone number. S.B. 1969, from the 81st Legislature, further updated the definition to include text messaging.

Both Chapters 302 (Regulation of Telephone Solicitation) and 304 (Telemarketing) of the Business and Commerce Code concern telephone solicitation. The Chapter 304 definition of "telephone call" includes text messaging. However, Chapter 302 does not define "telephone call" and does not contemplate text messaging.

For example, in a 2022 court case, *Powers v. One Technologies*, the plaintiffs alleged they received unsolicited, unlawful text messages. The court ruled that a company that sent text messages did not qualify as a telemarketer under Texas law. The court reasoned that, since the telemarketing company sent text messages and did not make calls, the defendant did not violate the law because Business and Commerce Code Chapter 302 does not define "call" or include any statute contemplating text messages. *Powers* serves as an example of how the omission allows companies to send unauthorized text messages with little recourse for Texas citizens.

This Bill Would:

Amend Chapter 302 of the Business and Commerce Code to add the definition of "telephone call," as found in Chapter 304.

Additional Information:

S.B. 315 passed during the 88th Regular Session, but was vetoed by the governor. The justification for the veto was unclear.

As proposed, S.B. 140 amends current law relating to the definition of telephone call for purposes of regulating telephone solicitations.

**RULEMAKING AUTHORITY**

This bill does not expressly grant any additional rulemaking authority to a state officer, institution, or agency.

**SECTION BY SECTION ANALYSIS**

SECTION 1. Amends Section 302.001, Business & Commerce Code, by adding Subdivision (6-a) to provide that "telephone call" has the meaning assigned by Section 304.002 (Definitions).

SECTION 2. Effective date: September 1, 2025.

EXHIBIT 4

```
1-1  By:  Hall, Kolkhorst                                S.B. No. 140
1-2       (In the Senate - Filed November 12, 2024; February 3, 2025,
1-3  read first time and referred to Committee on Business & Commerce;
1-4  March 4, 2025, reported favorably by the following vote:  Yeas 11,
1-5  Nays 0; March 4, 2025, sent to printer.)
```

1-6                   COMMITTEE VOTE

| | Yea | Nay | Absent | PNV |
|---|---|---|---|---|
| 1-8  Schwertner | X | | | |
| 1-9  King | X | | | |
| 1-10 Blanco | X | | | |
| 1-11 Campbell | X | | | |
| 1-12 Creighton | X | | | |
| 1-13 Johnson | X | | | |
| 1-14 Kolkhorst | X | | | |
| 1-15 Menéndez | X | | | |
| 1-16 Middleton | X | | | |
| 1-17 Nichols | X | | | |
| 1-18 Zaffirini | X | | | |

1-19              A BILL TO BE ENTITLED

1-20                 AN ACT

```
1-21 relating  to  the  definition  of  telephone  call  for  purposes  of
1-22 regulating telephone solicitations.
1-23       BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:
1-24       SECTION 1.  Section 302.001, Business & Commerce Code, is
1-25 amended by adding Subdivision (6-a) to read as follows:
1-26            (6-a)  "Telephone  call"  has  the  meaning  assigned  by
1-27 Section 304.002.
1-28       SECTION 2.  This Act takes effect September 1, 2025.
```

1-29                     * * * * *

# EXHIBIT 5

By:  Hall, Kolkhorst, West                          S.B. No. 140

A BILL TO BE ENTITLED

1                               AN ACT

2    relating to the definition of telephone call for purposes of

3    regulating telephone solicitations.

4          BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

5          SECTION 1.  Section 302.001, Business & Commerce Code, is

6    amended by adding Subdivision (6-a) to read as follows:

7                (6-a)  "Telephone call" has the meaning assigned by

8    Section 304.002.

9          SECTION 2.  This Act takes effect September 1, 2025.

1

# EXHIBIT 6

By:  Hall, et al.                                S.B. No. 140
     (Anchía)

Substitute the following for S.B. No. 140:

By:  Button                                   C.S.S.B. No. 140

A BILL TO BE ENTITLED

1                              AN ACT

2   relating to certain definitions relating to the regulation of and

3   private rights of action arising from certain solicitation-related

4   communications.

5        BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

6        SECTION 1.  Section 302.001, Business & Commerce Code, is

7   amended by adding Subdivision (6-a) and amending Subdivision (7) to

8   read as follows:

9             (6-a)  "Telephone call" has the meaning assigned by

10  Section 304.002.

11            (7)  "Telephone solicitation" means a [telephone] call

12  or other transmission, including a transmission of a text or

13  graphic message or of an image, initiated by a seller or salesperson

14  [initiates] to induce a person to purchase, rent, claim, or receive

15  an item.  The term includes a telephone call a purchaser makes in

16  response to a solicitation sent by mail or made by any other means.

17       SECTION 2.  Section 302.003, Business & Commerce Code, is

18  amended to read as follows:

19       Sec. 302.003.  LIBERAL CONSTRUCTION AND APPLICATION.  (a)

20  This chapter shall be liberally construed and applied to promote

21  its underlying purpose to protect persons and the public against

22  false, misleading, or deceptive practices in the telephone

23  solicitation business.

24            (b)  The fact that a claimant has recovered under a private

89R30409 SCR-D                    1

C.S.S.B. No. 140

1  action arising from a violation of this chapter more than once may

2  not limit recovery in a future legal proceeding in any manner.

3      SECTION 3.  Section 304.005, Business & Commerce Code, is

4  amended to read as follows:

5      Sec. 304.005.  LIBERAL  CONSTRUCTION  AND  APPLICATION.  (a)

6  This chapter shall be liberally construed and applied to promote

7  its underlying purpose to protect persons and the public against

8  false,  misleading,  abusive,  or  deceptive  practices  in  the

9  telemarketing business.

10     (b)  The fact that a claimant has recovered under a private

11  action arising from a violation of this chapter more than once may

12  not limit recovery in a future legal proceeding in any manner.

13     SECTION 4.  Subchapter F, Chapter 304, Business & Commerce

14  Code, is amended by adding Section 304.2581 to read as follows:

15     Sec. 304.2581.  DECEPTIVE TRADE PRACTICES.  (a)  A violation

16  of this chapter is a false, misleading, or deceptive act or practice

17  under Subchapter E, Chapter 17.

18     (b)  A  public  or  private  right  or  remedy  prescribed  by

19  Subchapter E, Chapter 17, may be used to enforce this chapter.

20     SECTION 5.  Subchapter B, Chapter 305, Business & Commerce

21  Code, is amended by adding Sections 305.054 and 305.055 to read as

22  follows:

23     Sec. 305.054.  DECEPTIVE TRADE PRACTICES.  (a)  A violation

24  of this chapter is a false, misleading, or deceptive act or practice

25  under Subchapter E, Chapter 17.

26     (b)  A  public  or  private  right  or  remedy  prescribed  by

27  Subchapter E, Chapter 17, may be used to enforce this chapter.

2

C.S.S.B. No. 140

1    Sec. 305.055.   CLAIMANT RECOVERY FOR VIOLATION.   The fact

2  that a claimant has recovered under a private action arising from a

3  violation of this chapter more than once may not limit recovery in a

4  future legal proceeding in any manner.

5    SECTION 6.   The changes in law made by this Act apply only to

6  conduct that occurs on or after the effective date of this Act.

7    SECTION 7.   This Act takes effect September 1, 2025.

# EXHIBIT 7

**BILL ANALYSIS**

C.S.S.B. 140
By: Hall
Trade, Workforce & Economic Development
Committee Report (Substituted)

## BACKGROUND AND PURPOSE

The 77th Legislature passed H.B. 472 to create the Texas Telemarketing Disclosure and Privacy Act and required it to be "liberally construed and applied to promote its underlying purpose to protect the public against false, misleading, or deceptive practices." With H.B. 2278, the 80th Legislature updated the definition of a "telephone call" to include a call to a mobile phone number, and the 81st Legislature passed S.B. 1969 to further update the definition to include text messaging. Both Chapters 302 and 304 of the Business & Commerce Code concern telephone solicitation. However, only Chapter 304 defines "telephone call" to include both mobile phone numbers and text messaging. The bill sponsor has informed the committee that, since Chapter 302 has no such definition, consumers are not adequately protected against unauthorized text messaging, and, in *Powers v. One Technologies*, the court held that a company sending text messages did not qualify as telemarketing under the Texas statute that requires companies that make a telephone solicitation to obtain a registration certificate from the office of the secretary of state. C.S.S.B. 140 seeks to address this issue by providing for the definition of a telephone call for purposes of regulating telephone solicitations and by establishing that a violation of the Texas Telemarketing Disclosure and Privacy Act or statutory provisions relating to telephone communications made for the purpose of solicitation is a false, misleading, or deceptive act or practice under the Deceptive Trade Practices-Consumer Protection Act.

## CRIMINAL JUSTICE IMPACT

It is the committee's opinion that this bill does not expressly create a criminal offense, increase the punishment for an existing criminal offense or category of offenses, or change the eligibility of a person for community supervision, parole, or mandatory supervision.

## RULEMAKING AUTHORITY

It is the committee's opinion that this bill does not expressly grant any additional rulemaking authority to a state officer, department, agency, or institution.

## ANALYSIS

C.S.S.B. 140 amends the Business & Commerce Code to define "telephone call" for purposes of provisions regulating telephone solicitations by reference to its meaning in provisions governing telemarketing as a call or other transmission made to or received at a telephone number, including the following:
- a call made by an automated telephone dialing system;
- a transmission to a facsimile recording device; and
- a call or other transmission, including a transmission of a text or graphic message or of an image, to a mobile telephone number serviced by a provider of commercial mobile service, as defined by certain federal law, as amended, or FCC rules, but excluding a transmission made to a mobile telephone number as part of an ad-based telephone service, in connection with which the telephone service customer has agreed with the service provider to receive the transmission.

The bill expands the definition of "telephone solicitation" to include a transmission other than a telephone call, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item.

C.S.S.B. 140 specifies that the underlying purpose of the Texas Telemarketing Disclosure and Privacy Act and statutory provisions relating to the regulation of telephone solicitation is to protect both persons and the public against false, misleading, or deceptive practices in the telephone solicitation business. The bill establishes that a violation of the Texas Telemarketing Disclosure and Privacy Act or a violation of statutory provisions relating to telephone communications made for the purpose of solicitation is a false, misleading, or deceptive act or practice under the Deceptive Trade Practices-Consumer Protection Act and authorizes a public or private right or remedy prescribed by the act to be used to enforce the bill's provisions. The bill provides that the fact that a claimant has recovered under a private action arising from a violation of the Texas Telemarketing Disclosure and Privacy Act, statutory provisions relating to the regulation of telephone solicitation, or statutory provisions relating to telephone communications made for the purpose of solicitation more than once may not limit recovery in a future legal proceeding in any manner.

C.S.S.B. 140 establishes that the bill's provisions apply only to conduct that occurs on or after the bill's effective date.

**EFFECTIVE DATE**

September 1, 2025.

**COMPARISON OF SENATE ENGROSSED AND SUBSTITUTE**

While C.S.S.B. 140 may differ from the engrossed in minor or nonsubstantive ways, the following summarizes the substantial differences between the engrossed and committee substitute versions of the bill.

The substitute includes provisions absent from the engrossed that do the following:
- expand the definition of "telephone solicitation";
- specify that the underlying purpose of the Texas Telemarketing Disclosure and Privacy Act and statutory provisions relating to the regulation of telephone solicitation is to protect both persons and the public against false, misleading, or deceptive practices in the telephone solicitation business;
- prohibit the fact that a claimant has recovered under a private action arising from a violation of the Texas Telemarketing Disclosure and Privacy Act, provisions relating to the regulation of telephone solicitation, or provisions relating to telephone communications made for the purpose of solicitation more than once from limiting recovery in a future legal proceeding in any manner;
- establish that a violation of the Texas Telemarketing Disclosure and Privacy Act or statutory provisions relating to telephone communications made for the purpose of solicitation is a false, misleading, or deceptive act or practice under the Deceptive Trade Practices-Consumer Protection Act;
- authorize a public or private right or remedy prescribed by that act to be used to enforce the bill's provisions; and
- establish that the bill's provisions apply only to conduct that occurs on or after the bill's effective date.

# EXHIBIT 8

SUMMARY OF COMMITTEE ACTION

SB 140

May 7, 2025        8:00 AM
Considered in public hearing
Testimony taken/registration(s) recorded in committee
Left pending in committee

May 14, 2025        8:00 AM
Considered in public hearing
Committee substitute considered in committee
Reported favorably as substituted

# EXHIBIT 9

S.B. No. 140

1                        AN ACT
2  relating to certain definitions relating to the regulation of and
3  private rights of action arising from certain solicitation-related
4  communications.
5       BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:
6       SECTION 1.  Section 302.001, Business & Commerce Code, is
7  amended by adding Subdivision (6-a) and amending Subdivision (7) to
8  read as follows:
9            (6-a)  "Telephone call" has the meaning assigned by
10 Section 304.002.
11           (7)  "Telephone solicitation" means a [telephone] call
12 or other transmission, including a transmission of a text or
13 graphic message or of an image, initiated by a seller or salesperson
14 [initiates] to induce a person to purchase, rent, claim, or receive
15 an item.  The term includes a telephone call a purchaser makes in
16 response to a solicitation sent by mail or made by any other means.
17      SECTION 2.  Section 302.003, Business & Commerce Code, is
18 amended to read as follows:
19      Sec. 302.003.  LIBERAL CONSTRUCTION AND APPLICATION.  (a)
20 This chapter shall be liberally construed and applied to promote
21 its underlying purpose to protect persons and the public against
22 false, misleading, or deceptive practices in the telephone
23 solicitation business.
24           (b)  The fact that a claimant has recovered under a private

1

S.B. No. 140

1  action arising from a violation of this chapter more than once may

2  not limit recovery in a future legal proceeding in any manner.

3      SECTION 3.  Section 304.005, Business & Commerce Code, is

4  amended to read as follows:

5      Sec. 304.005.  LIBERAL CONSTRUCTION AND APPLICATION.  (a)

6  This chapter shall be liberally construed and applied to promote

7  its underlying purpose to protect persons and the public against

8  false,   misleading,   abusive,   or   deceptive   practices   in   the

9  telemarketing business.

10      (b)  The fact that a claimant has recovered under a private

11  action arising from a violation of this chapter more than once may

12  not limit recovery in a future legal proceeding in any manner.

13      SECTION 4.  Subchapter F, Chapter 304, Business & Commerce

14  Code, is amended by adding Section 304.2581 to read as follows:

15      Sec. 304.2581.  DECEPTIVE TRADE PRACTICES.  (a) A violation

16  of this chapter is a false, misleading, or deceptive act or practice

17  under Subchapter E, Chapter 17.

18      (b)  A public or private right or remedy prescribed by

19  Subchapter E, Chapter 17, may be used to enforce this chapter.

20      SECTION 5.  Subchapter B, Chapter 305, Business & Commerce

21  Code, is amended by adding Sections 305.054 and 305.055 to read as

22  follows:

23      Sec. 305.054.  DECEPTIVE TRADE PRACTICES.  (a) A violation

24  of this chapter is a false, misleading, or deceptive act or practice

25  under Subchapter E, Chapter 17.

26      (b)  A public or private right or remedy prescribed by

27  Subchapter E, Chapter 17, may be used to enforce this chapter.

2

S.B. No. 140

1       Sec. 305.055.  CLAIMANT RECOVERY FOR VIOLATION.  The fact

2  that a claimant has recovered under a private action arising from a

3  violation of this chapter more than once may not limit recovery in a

4  future legal proceeding in any manner.

5       SECTION 6.  The changes in law made by this Act apply only to

6  conduct that occurs on or after the effective date of this Act.

7       SECTION 7.  This Act takes effect September 1, 2025.

S.B. No. 140

_____     _____
President of the Senate              Speaker of the House

    I hereby certify that S.B. No. 140 passed the Senate on March 11, 2025, by the following vote: Yeas 31, Nays 0; and that the Senate concurred in House amendment on May 30, 2025, by the following vote: Yeas 31, Nays 0.

_____
Secretary of the Senate

    I hereby certify that S.B. No. 140 passed the House, with amendment, on May 27, 2025, by the following vote: Yeas 136, Nays 0, two present not voting.

_____
Chief Clerk of the House

Approved:

_____
Date

_____
Governor

4

# EXHIBIT 10

**BILL ANALYSIS**

Senate Research Center

S.B. 140
By: Hall
Business & Commerce
6/11/2025
Enrolled

## AUTHOR'S / SPONSOR'S STATEMENT OF INTENT

The Problem:

In 2001, the 77th Legislature passed H.B. 472 to create the Texas Telemarketing Disclosure and Privacy Act and required it to be "liberally construed and applied to protect the public against false, misleading, or deceptive practices." With H.B. 2278, the 80th Legislature updated the definition of a "telephone call" to include a call to a mobile phone number. S.B. 1969, from the 81st Legislature, further updated the definition to include text messaging.

Both Chapters 302 (Regulation of Telephone Solicitation) and 304 (Telemarketing) of the Business and Commerce Code concern telephone solicitation. The Chapter 304 definition of "telephone call" includes text messaging. However, Chapter 302 does not define "telephone call" and does not contemplate text messaging.

For example, in a 2022 court case, *Powers v. One Technologies*, the plaintiffs alleged they received unsolicited, unlawful text messages. The court ruled that a company that sent text messages did not qualify as a telemarketer under Texas law. The court reasoned that, since the telemarketing company sent text messages and did not make calls, the defendant did not violate the law because Business and Commerce Code Chapter 302 does not define "call" or include any statute contemplating text messages. Powers serves as an example of how the omission allows companies to send unauthorized text messages with little recourse for Texas citizens.

This Bill Would:

Amend Chapter 302 of the Business and Commerce Code to add the definition of "telephone call," as found in Chapter 304.

Additional Information:

S.B. 315 passed during the 88th Regular Session, but was vetoed by the governor. The justification for the veto was unclear.

S.B. 140 amends current law relating to certain definitions relating to the regulation of and private rights of action arising from certain solicitation-related communications.

## RULEMAKING AUTHORITY

This bill does not expressly grant any additional rulemaking authority to a state officer, institution, or agency.

## SECTION BY SECTION ANALYSIS

SECTION 1. Amends Section 302.001, Business & Commerce Code, by adding Subdivision (6-a) to define "telephone call" and amending Subdivision (7) to redefine "telephone solicitation."

SECTION 2. Amends Section 302.003, Business & Commerce Code, as follows:

Sec. 302.003. LIBERAL CONSTRUCTION AND APPLICATION. (a) Creates this subsection from existing text. Requires that Chapter 302 (Regulation of Telephone Solicitation) be liberally construed and applied to promote its underlying purpose to protect persons and the public against false, misleading, or deceptive practices in the telephone solicitation business.

(b) Prohibits the fact that a claimant has recovered under a private action arising from a violation of this chapter more than once from limiting recovery in a future legal proceeding in any manner.

SECTION 3. Amends Section 304.005, Business & Commerce Code, as follows:

Sec. 304.005. LIBERAL CONSTRUCTION AND APPLICATION. (a) Creates this subsection from existing text. Requires that Chapter 304 (Telemarketing) be liberally construed and applied to promote its underlying purpose to protect persons and the public against false, misleading, abusive, or deceptive practices in the telemarketing business.

(b) Prohibits the fact that a claimant has recovered under a private action arising from a violation of this chapter more than once from limiting recovery in a future legal proceeding in any manner.

SECTION 4. Amends Subchapter F, Chapter 304, Business & Commerce Code, by adding Section 304.2581, as follows:

Sec. 304.2581. DECEPTIVE TRADE PRACTICES. (a) Provides that a violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E (Deceptive Trade Practices and Consumer Protection), Chapter 17 (Deceptive Trade Practices).

(b) Authorizes a public or private right or remedy prescribed by Subchapter E, Chapter 17, to be used to enforce this chapter.

SECTION 5. Amends Subchapter B, Chapter 305, Business & Commerce Code, by adding Sections 305.054 and 305.055, as follows:

Sec. 305.054. DECEPTIVE TRADE PRACTICES. (a) Provides that a violation of Chapter 305 (Telephonic Communications Made for Purpose of Solicitation) is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17.

(b) Authorizes a public or private right or remedy prescribed by Subchapter E, Chapter 17, to be used to enforce this chapter.

Sec. 305.055. CLAIMANT RECOVERY FOR VIOLATION. Prohibits the fact that a claimant has recovered under a private action arising from a violation of this chapter more than once from limiting recovery in a future legal proceeding in any manner.

SECTION 6. Makes application of this Act prospective.

SECTION 7. Effective date: September 1, 2025.

# EXHIBIT 11

## House Research Organization

| Leg/Ses ▾ | Bill number |
|---|---|
| | SB140 |



### 89(R) SB 140  by Hall | et al.
### bill digest - (CSSB 140 by Button) - 2nd Reading

**Subject**
Amending the enforcement of unauthorized solicitation communications

**Committee**
Trade, Workforce & Economic Development — committee substitute recommended

**Vote**
9 ayes — Button, Talarico, K. Bell, Harris Davila, Lujan, Luther, Meza, Ordaz, Richardson

0 nays

2 absent — Bhojani, Longoria

**Senate Vote**
On final passage (March 11) — 31 − 0

**Witnesses**
[View witnesses]

**Background**
Concerns have been raised that consumers are not adequately protected against unauthorized text messaging due to inconsistent definitions and regulations in statutes relating to telephone solicitation.

**Digest**
CSSB 140 would make several changes related to the regulation of telephone solicitation. The bill would define "telephone call" as a call or transmission made to or received at a telephone number, including automated calls, faxes, and text or graphic messages sent to mobile phones, while excluding messages sent through ad-based services that the user had agreed to receive.

The bill would expand the definition of "telephone solicitation" to include a transmission other than a telephone call, including text messages, graphic messages, and images initiated by a seller or salesperson to induce a transaction.

The bill would specify that the purpose of statutes regulating telephone solicitation was to protect both persons and the public against false, misleading, or deceptive practices in the telephone solicitation or telemarketing business.

CSSB 140 would establish that a violation of the Texas Telemarketing Disclosure and Privacy Act or a violation of provisions relating to telephone communications made for the purpose of solicitation would be a false, misleading, or deceptive act or practice under the Deceptive Trade Practices-Consumer Protection Act, and would authorize a public or private right or remedy prescribed by the Act to be used to enforce the bill. The bill would provide that the fact that a claimant had recovered under a private action arising under these statutes more than once would not limit recovery in a future legal proceeding in any manner.

The bill would take effect September 1, 2025.

# EXHIBIT 12



**House Research Organization**

🔍

| Leg/Ses ▾ | Bill number SB140 | 🔍 |



## 89(R) SB 140  by Hall | et al.
### bill digest - (CSSB 140 by Button) - 2nd Reading

📄

**Subject**
Amending the enforcement of unauthorized solicitation communications

**Committee**
Trade, Workforce & Economic Development — committee substitute recommended

**Vote**
9 ayes — Button, Talarico, K. Bell, Harris Davila, Lujan, Luther, Meza, Ordaz, Richardson

0 nays

2 absent — Bhojani, Longoria

**Senate Vote**
On final passage (March 11) — 31 — 0

**Witnesses**
[View witnesses]

**Background**
Concerns have been raised that consumers are not adequately protected against unauthorized text messaging due to inconsistent definitions and regulations in statutes relating to telephone solicitation.

**Digest**
CSSB 140 would make several changes related to the regulation of telephone solicitation. The bill would define "telephone call" as a call or transmission made to or received at a telephone number, including automated calls, faxes, and text or graphic messages sent to mobile phones, while excluding messages sent through ad-based services that the user had agreed to receive.

The bill would expand the definition of "telephone solicitation" to include a ...

[Read more]

EXHIBIT 13

**Legislative Session**: 89(R)

**Senate Bill 140**                          **Effective**: 9-1-25
**Senate Author**: Hall et al.               **Senate Committee**: Business & Commerce
**House Sponsor**: Anchía et al.             **House Committee**: Trade, Workforce & Economic Development

Senate Bill 140 amends the Business & Commerce Code, with respect to certain definitions relating to the regulation of and private rights of action arising from certain solicitation-related communications, to do the following:

- define "telephone call" as a call or other transmission made to or received at a telephone number, including:
  - a call made by an automated telephone dialing system;
  - a transmission to a facsimile recording device; and
  - a call or other transmission, including a transmission of a text or graphic message or of an image, to a mobile telephone number serviced by a provider of commercial mobile service but excluding a transmission made to a mobile telephone number as part of an ad-based telephone service, in connection with which the telephone service customer has agreed with the service provider to receive the transmission; and
- expand the definition of "telephone solicitation" to include a transmission other than a telephone call, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item.

Moreover, the bill clarifies that the underlying purpose of the Texas Telemarketing Disclosure and Privacy Act and of statutory provisions relating to the regulation of telephone solicitation is to protect both persons and the public against false, misleading, or deceptive practices in the telephone solicitation business.

Senate Bill 140 also establishes that a violation of the Texas Telemarketing Disclosure and Privacy Act or a violation of statutory provisions relating to telephone communications made for the purpose of solicitation is a false, misleading, or deceptive act or practice under the Deceptive Trade Practices-Consumer Protection Act and authorizes a public or private right or remedy prescribed by the act to be used to enforce statutory provisions relating to the regulation of telephone solicitation and the Texas Telemarketing Disclosure and Privacy Act. The fact that a claimant has recovered under a private action arising from a violation of the Texas Telemarketing Disclosure and Privacy Act, statutory provisions relating to the regulation of telephone solicitation, or statutory provisions relating to telephone communications made for the purpose of solicitation more than once may not limit recovery in a future legal proceeding in any manner.

# EXHIBIT 14

# Texas Legislature Online
# Actions

**Bill:** SB 140          **Legislative Session:** 89(R)                              **Author:** Hall

**Actions:** (descending date order)
Viewing Votes: Most Recent House Vote | Most Recent Senate Vote

| | Description | Comment | Date ▼ | Time | Journal Page |
|---|---|---|---|---|---|
| E | Effective on 9/1/25 | | 06/20/2025 | | |
| E | Signed by the Governor | | 06/20/2025 | | 3862 |
| E | Sent to the Governor | | 06/01/2025 | | 3828 |
| H | Signed in the House | | 06/01/2025 | | 7575 |
| H | Signed in the Senate | | 05/31/2025 | | 3707 |
| H | Senate concurs in House amendment(s)-reported | | 05/31/2025 | | 7407 |
| S | Reported enrolled | | 05/30/2025 | | 3670 |
| S | Record vote | | 05/30/2025 | | 3344 |
| S | Senate concurs in House amendment(s) | | 05/30/2025 | | 3344 |
| S | Read | | 05/30/2025 | | 3344 |
| S | House amendment(s) laid before the Senate | | 05/30/2025 | | 3343 |
| S | House passage as amended reported | | 05/27/2025 | | 2840 |
| H | Statement(s) of vote recorded in Journal | | 05/27/2025 | | 6126 |
| H | Record vote | RV#3651 | 05/27/2025 | | 6125 |
| H | Passed | | 05/27/2025 | | 6125 |
| H | Read 3rd time | | 05/27/2025 | | 6125 |
| H | Additional sponsor(s) authorized | | 05/27/2025 | | 6125 |
| H | Rules suspended | | 05/27/2025 | | 6125 |
| H | Passed to 3rd reading | | 05/26/2025 | | 6034 |
| H | Read 2nd time | | 05/26/2025 | | 6034 |
| H | Placed on General State Calendar | | 05/24/2025 | | |
| H | Considered in Calendars | | 05/22/2025 | | |
| H | Committee report sent to Calendars | | 05/20/2025 | | |
| H | Committee report distributed | | 05/19/2025 | 03:33 PM | |
| H | Comte report filed with Committee Coordinator | | 05/19/2025 | | 5207 |
| H | Reported favorably as substituted | | 05/14/2025 | | |
| H | Committee substitute considered in committee | | 05/14/2025 | | |
| H | Considered in public hearing | | 05/14/2025 | | |
| H | Left pending in committee | | 05/07/2025 | | |
| H | Testimony taken/registration(s) recorded in committee | | 05/07/2025 | | |
| H | Considered in public hearing | | 05/07/2025 | | |
| H | Scheduled for public hearing on . . . | | 05/07/2025 | | |
| H | Referred to Trade, Workforce & Economic Development | | 04/09/2025 | 11:27 AM | 1088 |
| H | Read first time | | 04/09/2025 | | 1088 |
| H | Received from the Senate | | 03/11/2025 | | 504 |
| S | Reported engrossed | | 03/11/2025 | | 482 |
| S | Record vote | | 03/11/2025 | | 467 |
| S | Passed | | 03/11/2025 | | 467 |
| S | Read 3rd time | | 03/11/2025 | | 467 |
| S | Record vote | | 03/11/2025 | | 467 |
| S | Three day rule suspended | | 03/11/2025 | | 467 |
| S | Vote recorded in Journal | | 03/11/2025 | | 467 |
| S | Read 2nd time & passed to engrossment | | 03/11/2025 | | 467 |

| | | | |
|---|---|---|---|
| S | Rules suspended-Regular order of business | 03/11/2025 | 467 |
| S | Rules suspended-Constitutional 60-Day | 03/11/2025 | 467 |
| S | Co-author authorized | 03/11/2025 | 479 |
| S | Placed on intent calendar | 03/06/2025 | |
| S | Committee report printed and distributed | 03/04/2025  11:11 AM | |
| S | Recommended for local & uncontested calendar | 03/04/2025 | |
| S | Reported favorably w/o amendments | 03/04/2025 | 400 |
| S | Vote taken in committee | 02/27/2025 | |
| S | Considered in public hearing | 02/27/2025 | |
| S | Co-author authorized | 02/20/2025 | 295 |
| S | Left pending in committee | 02/18/2025 | |
| S | Considered in public hearing | 02/18/2025 | |
| S | Scheduled for public hearing on . . . | 02/18/2025 | |
| S | Referred to Business & Commerce | 02/03/2025 | 85 |
| S | Read first time | 02/03/2025 | 85 |
| S | Filed | 11/12/2024 | |
| S | Received by the Secretary of the Senate | 11/12/2024 | |

# EXHIBIT 15

# Texas Legislature Online
## Companions

---

**Bill:** SB 140          **Legislative Session:** 89(R)                              **Author:** Hall

**Note:** Companion documents are designated at the time of introduction. These are to be used as an aid only! Final determination of companion documents rests with the presiding officers of the house and senate.

HB 4719    **Degree of Association:** Identical
           **Author:** Anchía
           **Last Action:** 04/03/2025 H Referred to Trade, Workforce & Economic Development
           Relating to the definition of telephone call for purposes of regulating telephone solicitations.

# EXHIBIT 16

**Texas Legislature Online**
# Bill Stages

---

**Bill:** SB 140            **Legislative Session:** 89(R)                          **Author:** Hall

| Stage 1 **Filed** ✓ | Stage 2 **Out of Senate Committee** ✓ | Stage 3 **Voted on by Senate** ✓ | Stage 4 **Out of House Committee** ✓ | Stage 5 **Voted on by House** ✓ |
|---|---|---|---|---|
| 11/12/2024 | 3/4/2025 | 3/11/2025 | 5/19/2025 | 5/27/2025 |

| Stage 6 **Governor Action** ✓ | Stage 7 **Bill Becomes Law** *See below. |
|---|---|
| 6/20/2025 | |

**Legend**

Indicates bill passed stage

Indicates bill has not reached stage

Indicates bill failed to complete stage

**Stage 1**
Bill filed by Hall
on 11/12/2024.

**Stage 2**
Bill reported out
of Senate committee on Business & Commerce with vote of 11 Ayes, 0 Nays, 0 Present Not Voting, 0 Absent.

**Helpful Links**

Legislative process            Floor action
Introducing a bill              Governor's action
Referral to a committee        Effective date
Committee reports              Legislative glossary

**Stage 3**        Bill passed the Senate.

**Stage 4**        Bill reported out of House committee on Trade, Workforce & Economic Development with vote of 9 Ayes, 0 Nays, 0 Present Not Voting, 2 Absent.

**Stage 5**        Bill passed the House.

**Stage 6**        Bill signed by the Governor.

**Stage 7**        Bill becomes law.  Effective on 9/1/25.