# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ECOMMERCE MARKETERS ALLIANCE, INC. DBA ECOMMERCE INNOVATION ALLIANCE, *ET AL.*, <br><br> *PLAINTIFFS*, <br><br> V. <br><br> STATE OF TEXAS, *ET AL.*, <br><br> *DEFENDANTS*. | CASE NO. 1:25-CV-01401-RP |

## DEFENDANTS' PRIORITY MOTION
## TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants State of Texas, Jane Nelson, in her official capacity as Texas Secretary of State ("Secretary Nelson"), and Ken Paxton, in his official capacity as Attorney General of Texas ("Attorney General Paxton" or "General Paxton"), file their priority motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as follows:

## I. THIS JURISDICTIONAL MOTION IS ENTITLED TO PRIORITY OVER ANY OTHER MOTION, INCLUDING ANY MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs have failed in their burden to show that they have standing to sue Defendants. Additionally, Defendants assert their right to state sovereign immunity against all of Plaintiffs' claims in this suit. Such claims by private plaintiffs, like those who filed this suit, are barred by the Eleventh Amendment to the United States Constitution. A lack of standing to sue and state sovereign immunity go directly to this Court's subject matter jurisdiction. *James v. Hegar*, 86 F.4th 1076, 1080 (5th Cir. 2023) ("Standing is a component of subject matter jurisdiction."); *National Press Photog. Ass'n v. McCraw*, 90 F.4th 770, 780 (5th Cir. 2024) (noting that standing and sovereign immunity are "jurisdictional issues").

"Jurisdiction comes first." *In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 533 (5th Cir. 2022). All federal courts have a non-discretionary obligation to consider a challenge to their subject matter jurisdiction. *In re Paxton*, 60 F.4th 252, 256 (5th Cir. 2023) (citing *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019)). An appropriate jurisdictional challenge like this motion triggers the Court's duty to further inquire as to its own jurisdiction. *Id.* Sovereign immunity is an immunity from suit, not only immunity from liability; a court is not free to proceed to discovery or to the merits of a lawsuit without first determining whether it has subject matter jurisdiction of the case. *See Mi Familia Vota v. Ogg*, 105 F.4th 313, 334 (5th Cir. 2024) (district courts "carefully consider . . . jurisdictional challenges before proceeding to the merits"); *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) ("[w]here sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go.").

Plaintiffs requested declaratory and injunctive relief against enforcement of S.B. 140, a Texas statute, by Secretary Nelson and Attorney General Paxton. Pls.' Compl. for Decl. and Inj. Relief, ECF No. 1; Pls.' Mot. for Preliminary Inj., ECF No. 13. Plaintiffs' motion for preliminary injunction should be denied and all claims against Defendants should be dismissed for at least two fundamental reasons: lack of standing and sovereign immunity. As the Fifth Circuit instructs, a Rule 12(b)(1) motion is the first stop in this case. Plaintiffs' failure to carry their burden to establish

1

the Court's subject matter jurisdiction over their claims against Defendants means they cannot "pass go." *Russell*, 49 F.4th at 514. All claims against Defendants must be dismissed.

## II. PLAINTIFFS HAVE FAILED TO PLEAD OR SHOW STANDING TO SUE DEFENDANTS.

A necessary element of an Article III case or controversy is standing to sue. Standing is "a bedrock constitutional requirement." *United States v. Texas*, 599 U.S. 670, 675 (2023). It is the "irreducible constitutional minimum" for federal courts to exercise jurisdiction. *Mi Familia Vota*, 105 F.4th at 330. Each plaintiff has the burden to plead and show standing as to each defendant. *Murthy v. Missouri*, 603 U.S. 43, 61 (2024). This requires that each plaintiff plead and prove that it has suffered an injury in fact that is traceable to the action of the defendant that is challenged in the suit, and is redressable if the court grants the relief sought by the plaintiffs. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiffs do not meet any of these requirements for standing.

### A. INJURY IN FACT

To demonstrate standing, a plaintiff must show that he "has suffered or likely will suffer an injury in fact." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 368 (2024). That "injury must be actual or imminent, not speculative; that is, the injury must have already occurred or be likely to occur soon." *Texas v. United States*, 126 F.4th 392, 408 (5th Cir. 2025) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

Plaintiffs do not allege that any action has been taken by Secretary Nelson or Attorney General Paxton to enforce the challenged statute against them. Instead, Plaintiffs bring a pre-enforcement challenge. "In the pre-enforcement context, a plaintiff may establish imminent injury in fact if he (1) has an intention to engage in a course of conduct arguably affected with a constitutional interest, (2) his intended future conduct is arguably proscribed by the policy in question, and (3) the threat of future enforcement of the challenged policies is substantial." *Texas v. Becerra*, 623 F. Supp. 3d 696, 716 (N.D. Tex. 2022) (cleaned up) (citing *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020)).

Plaintiffs here allege only that Secretary Nelson has a "responsibility to administer" the registration system for telephone solicitors that Texas law requires be maintained. This registration system long predates S.B. 140. Secretary Nelson's responsibility to maintain that system also long predates S.B. 140. Moreover, S.B. 140 does not grant Secretary Nelson the authority to investigate potential violations of the telephone solicitation law or any other enforcement powers.

Plaintiffs fail to allege that Secretary Nelson has enforced or threatened to enforce the challenged statutory provision, S.B. 140, against any of them. This glaring omission of any allegation by Plaintiffs of actual or imminent injury in fact by Secretary Nelson is hardly surprising: Secretary Nelson has no power or ability to enforce S.B. 140 against any Plaintiffs.

S.B. 140 operates by defining certain acts or practices as "false, misleading, or deceptive" under Subchapter E, Chapter 17 of the Texas Business and Commerce Code. But the Secretary of State has no power to enforce Subchapter E, Chapter 17 of the Texas Business and Commerce Code. Rather, those provisions may be enforced by private claimants in civil suits, by district or county attorneys, and by the Office of the Attorney General of Texas.

Thus, Secretary Nelson lacks any power to prosecute or otherwise enforce the statutory provision that Plaintiffs challenge. This alone is fatal to Plaintiffs' standing to sue Secretary Nelson and to this Court's subject matter jurisdiction of their claims against her. But even if Secretary Nelson somehow had such enforcement power, Plaintiffs failed utterly to allege or show that she is likely to enforce S.B. 140 against Plaintiffs. Plaintiffs failed to show injury in fact, and their claims against Secretary Nelson therefore fail for lack of standing and subject matter jurisdiction.

Plaintiffs note that "the Attorney General may bring an action to seek injunctive relief" for violating S.B. 140. ECF No. 1 at 17. But they do not allege that General Paxton has brought an action for injunctive relief or threatened to seek injunctive relief against them. Thus, Plaintiffs have not demonstrated that an injury is imminent. General Paxton's authority to enforce S.B. 140 is discretionary. This failure to show injury in fact requires the Court to dismiss Plaintiffs' claims against General Paxton.

### B. Traceability

Standing to bring claims against Secretary Nelson and General Paxton also requires that Plaintiffs plead and show that their alleged injury is traceable to Secretary Nelson or General Paxton's actions. They have not done so and cannot do so because neither official has taken action to enforce S.B. 140. Moreover, Secretary Nelson has no power to enforce S.B. 140.

Plaintiffs' claims against Secretary Nelson and General Paxton fail because they have not met their burden to show traceability. The Court lacks subject matter jurisdiction of those claims, and they should be dismissed.

### C. Redressability

To demonstrate standing, a plaintiff must also show that the relief requested is likely to redress the injury of which he complains. *Lujan*, 504 U.S. at 561. That is impossible here, where Secretary Nelson has no power to enforce S.B. 140 against any Plaintiff for any alleged violations of the statute. Plaintiffs therefore have failed to allege that the declaratory and injunctive relief sought against Secretary Nelson would redress their claimed injury.

Plaintiffs cannot show any likelihood of irreparable harm absent injunctive relief because Secretary Nelson has no power to enforce S.B. 140 against them. Any injunction entered against Secretary Nelson would be improper and ineffective; it would protect Plaintiffs only from enforcement actions that Secretary Nelson has no power to bring. Plaintiffs again fail to meet the basic requirements necessary to show standing, and there is no subject matter jurisdiction over their claims. Those claims should be dismissed now.

## III. Defendants Have Sovereign Immunity From This Suit.

Plaintiffs sued the State of Texas, and Secretary Nelson and General Paxton in their official capacities. Such a suit against a state official in an official capacity is regarded as a suit against the State of Texas. *Mi Familia Vota*, 105 F.4th at 325 (citing *Texas Dem. Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020)). Plaintiffs do not allege that Defendants have consented to suit in this case or waived sovereign immunity. To the contrary, the Defendants assert sovereign immunity to this suit and to any liability to Plaintiffs. This suit violates and is barred by the Eleventh Amendment

to the United States Constitution. Furthermore, neither Section 1983 nor the Declaratory Judgment Act abrogate state sovereign immunity. *United States v. Abbott*, 85 F.4th 328, 333 n.2 (5th Cir. 2023); *Tex. v. Ysleta del Sur Pueblo*, No. 3:17-cv-179-PRM, 2018 WL 7288032, at *29 (W.D. Tex. Aug. 27, 2018). "In cases where a party seeks to enjoin the state pursuant to § 1983 … sovereign immunity bars a party from doing so because neither the state nor its agency is a 'person' for purposes of § 1983." *Ross v. Tex. Educ. Agency*, 409 F. App'x 765, 768 (5th Cir. 2011) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979).

Defendants acknowledge that the law recognizes a limited exception to state sovereign immunity and the Eleventh Amendment, though it is inapplicable here. The legal fiction of *Ex parte Young*, 209 U.S. 123, 155–56 (1908), permits federal courts to enjoin prospective unconstitutional conduct by "individuals who are officers of the state, are clothed with duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature." *See Mi Familia Vota*, 105 F.4th at 325. However, Plaintiffs do not cite to *Ex parte Young* anywhere in their complaint. *See* ECF No. 1.

Simply stating these requirements for the narrow *Ex parte Young* exception to sovereign immunity is enough to show that exception does not apply here. First, the exception is plainly inapplicable to the State of Texas itself as a Defendant, because it applies only to suits against state officials engaged in ongoing violations of federal law. The Eleventh Amendment requires dismissal of Plaintiffs' claims against the State.

Moreover, Secretary Nelson has no duty to enforce the challenged statutory provision. The *Ex Parte Young* exception requires that a state official have "more than the general duty to see that the laws of the state are implemented," and has a "particular duty to enforce the statute in question." *Id.* at 325 (quoting *Texas All. For Ret. Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022)). The Fifth Circuit has concluded, for example, that Governor Abbott's general duty to see that the laws of Texas are executed is not enough. *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 402 (5th

5

Cir. 2025); *Texas Dem. Party v. Abbott*, 978 F.3d 168, 181 (5th Cir. 2020) ("a general duty to enforce the law is insufficient"). The same principle applies here with respect to Secretary Nelson.

Second, Secretary Nelson has no power to enforce the challenged statutory provision. General Paxton has only discretionary authority to bring an action to enjoin a person from violating S.B. 140. Plaintiffs have not met their burden to show that General Paxton has a "particular duty to enforce the statute in question." *Mi Familia Vota*, 105 F.4th at 325 (quoting *Texas All. For Ret. Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022)). To the contrary, mere discretionary authority means that General Paxton has no particular duty to enforce S.B. 140. *Id.* at 327.

The Legislature did not direct Secretary Nelson to enforce any provisions of S.B. 140. And Plaintiffs make no allegation or showing, as required by *Ex parte Young*, that Secretary Nelson or General Paxton have threatened or are "about to commence proceedings" to enforce the challenged statutory provision against Plaintiffs. *Id.* at 325. Mere authority to enforce the challenged provision is insufficient. *Id.* at 326. The "state official must have taken some step to enforce the statute." *Id.* at 329. Plaintiffs must allege action by Secretary Nelson or General Paxton to "show a demonstrated willingness to enforce the challenged statute." *Mi Familia Vota*, 105 F.4th at 330 (citing *Texas Dem. Party v. Abbott*, 961 F.3d 389, 401 (5th Cir. 2020)). Plaintiffs utterly failed to do so, even though it is their burden to allege and show an exception to sovereign immunity applies.

Finally, the state official defendant must "compel or constrain" obedience to the challenged statute. *Texas Alliance for Ret. Ams.*, 28 F.4th at 672; *see City of Austin v. Paxton*, 943 F.3d 993, 1000 (5th Cir. 2019). Even sincere fear of prosecution stemming from the existence of a challenged statute coupled with a defendant's authority to prosecute criminal cases is insufficient to meet this requirement. *Fund. Tex. Choice v. Deski*, 2025 U.S. Dist. LEXIS 138158 at *38 (W.D. Tex. May 23, 2025) (citing *Mi Familia Vota*, 105 F.4th at 332)). Again, Plaintiffs failed to make the required allegations or showing, presumably for the simple reason that Secretary Nelson has no

such power to compel or constrain obedience to S.B. 140. And General Paxton has not "done or threatened to do anything" to compel or constrain Plaintiffs to comply with S.B. 140. *Id*. at 332.

"Crucially, Plaintiffs do not allege any sort of enforcement has occurred here." *Hat v. Murrill*, 141 F.4th at 601. "That is fatal because our caselaw requires 'specific enforcement action of the respective defendant state officials' to apply the *Ex parte Young* exception." *Id*. (quoting *Paxton*, 943 F.3d at 1001) (emphasis added).

Accordingly, the *Ex parte Young* exception to state sovereign immunity is inapplicable to Secretary Nelson and Attorney General Paxton and they are immune from suit in this matter. The Eleventh Amendment bars the claims against them. Accordingly, the claims against them should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants request that this Court dismiss each of Plaintiffs' claims.

| | |
|---|---|
| Dated: September 26, 2025 | Respectfully submitted. |

| | |
|---|---|
| **KEN PAXTON** <br> Attorney General | **RYAN G. KERCHER** <br> Chief, Special Litigation |
| **BRENT WEBSTER** <br> First Assistant Attorney General | **DAVID BRYANT** <br> Senior Special Counsel <br> Texas Bar No. 03281500 |
| **RALPH MOLINA** <br> Deputy First Assistant Attorney General | /s/ *Munera Al-Fuhaid* <br> **MUNERA AL-FUHAID** |
| **RYAN D. WALTERS** <br> Deputy Attorney General for Legal Strategy | ATTORNEY IN CHARGE <br> Special Counsel <br> Texas Bar No. 24094501 |

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov

**COUNSEL FOR STATE DEFENDANTS**

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 26, 2025 and that all counsel of record were served by CM/ECF.

/s/ *Munera Al-Fuhaid*
**MUNERA AL-FUHAID**