FILED

NOV 17 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                       DEPUTY

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ECOMMERCE MARKETERS ALLIANCE, INC. DBA ECOMMERCE INNOVATION ALLIANCE; FLUX FOOTWEAR, LLC; and STODGE, INC. DBA POSTSCRIPT, § § § § § § § *Plaintiffs*, § § vs. § § STATE OF TEXAS; KEN PAXTON, in his official capacity as Attorney General of Texas; and JANE NELSON, in her official capacity as Texas Secretary of State, § § § § § § § *Defendants*. § | CIVIL ACTION NO. 1:25-cv-1401-RP |

## ORDER

Before the Court is the Parties' Joint Motion for Dismissal Without Prejudice. The Court **GRANTS** the motion to dismiss this action without prejudice and states as follows:

1. Plaintiffs Ecommerce Marketers Alliance, Inc. d/b/a Ecommerce Innovation Alliance ("EIA"), Flux Footwear, LLC, ("Flux"), and Stodge Inc. d/b/a Postscript ("Postscript") filed their Complaint for Declaratory and Injunctive Relief on September 1, 2025, and their Motion for Preliminary Injunction on September 5, 2025.

2. Plaintiffs and EIA's members all operate consent-based text message marketing programs, meaning they send marketing text messages only to consumers who have opted-in to receiving such messages.

3. Plaintiffs argued that, to the extent SB 140 extended Chapter 302's telephone registration and reporting requirements to businesses like Plaintiffs who operate consent-based

text message marketing programs, SB 140 was an unconstitutional restriction on such businesses' protected commercial speech.

4. On September 26, Defendants filed their response in opposition to Plaintiffs' motion for preliminary injunction. Defendants explained that the Office of the Attorney General of Texas does not understand SB 140 as extending Chapter 302's requirements to businesses which operate consent-based marketing programs and, instead, interprets Section 302's definition of "call" to mean a "telephone call" as that term is defined by Section 304 of the Texas Business & Commerce Code.

5. Specifically, a "call," as that term is used in Chapter 302, incorporates Chapter 304's exemption for a "transmission made to a mobile telephone number as part of an ad-based telephone service, in connection with which the telephone service customer has agreed with the service provider to receive the transmission." Tex. Bus. & Com. Code § 304.002(10). This interpretation of Chapter 302 is mandated by the ordinary meaning of the word "call," by context of the overall statutory scheme, and to avoid rendering any portion of SB 140 meaningless.

6. Plaintiffs, including EIA members, and similar businesses are not subject to Chapter 302 and are not required to comply with its registration and disclosure requirements. Instead, businesses which operate consent-based text message marketing campaigns are specifically exempted from Chapter 302.

7. Based on the joint representations of the parties, this matter is hereby dismissed without prejudice, with each party bearing its own costs and attorney's fees.

Dated: November 17, 2025

_____
ROBERT PITMAN
U.S. DISTRICT JUDGE